UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN - 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| ANDREW MAGUIRE<br>6508 Pyle Road<br>Bethesda, Maryland 20814<br><br>Plaintiff<br><br>v.<br><br>PEOPLE FOR THE AMERICAN WAY<br>2000 M Street, N.W. #400<br>Washington, DC 20036<br>Serve: Dominic Ucci<br><br>Defendant | CASE NUMBER  1:06CV01048<br>JUDGE: Emmet G. Sullivan<br>DECK TYPE: TRO/Preliminary Injunction<br>DATE STAMP: 06/07/2006 |

**PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

Pursuant to Fed. R. Civ. P. 65, plaintiff respectfully moves for entry of a temporary restraining order to restrain defendants from terminating plaintiff's employment. Currently, plaintiff has been notified that he will be taken off defendant's payroll as of June 9, 2006 and that his benefits, including health insurance, will cease on that date. A copy of the letter of termination is attached as plaintiff's exhibit number 1.

Plaintiff will suffer irreparable injury after that date because:

1. He will suffer injury to his reputation because he will have to state in any application for employment that he was discharged by People for the American Way;

2. He will suffer irreparable injury concerning harm to his reputation with fellow employees, with contacts he has made with contributors to People for the American way and others.

1

The grounds for this motion are set forth in the accompanying memorandum of points and authorities. Plaintiff asks that the Court, pursuant to Local Rule 65.1(d), schedule a hearing on this application for a temporary restraining order at the Court's earliest convenience.

Respectfully submitted,

*(signature)*
JOEL D. JOSEPH
Law Offices of Joel D. Joseph
7272 Wisconsin Avenue, Suite 300
Bethesda, Maryland 20814
(301) 941-1989
Counsel for Plaintiff

RULE 65.1

## CERTIFICATE OF SERVICE

I certify that I have sent a copy of this motion, exhibit, statement of points and authorities and the complaint to Richard Weinstein, counsel for People for the American Way, via telefax, (301) 571-9385 this 6th day of June, 2006.

*(signature)*
JOEL D. JOSEPH

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUN - 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANDREW MAGUIRE )
6508 Pyle Road )
Bethesda, Maryland 20814 )
 )
      Plaintiff )
 )
v. ) Civil Action No.  **06 1048**
 )
PEOPLE FOR THE AMERICAN WAY )
2000 M Street, N.W. #400 )
Washington, DC 20036 )
Serve: Dominic Ucci )
 )
      Defendant )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiff respectfully submits this memorandum of points and authorities in support of his motion for temporary restraining order.

**ARGUMENT**

**Issue of a Temporary Restraining Order will Preserve the Status Quo**

The court must assess "[t]he familiar factors affecting the grant of injunctive relief:

      1) likelihood of success on the merits

      2) irreparable injury to the plaintiff

      3) burden on . . . others' interests, and

      4) the public interest." *Jacksonville Port Auth. v. Adams*, 556 F.2d 52, 57 (D.C. Cir. 1977) (citing *Virginia Petroleum Jobbers Ass'n*

1

*v. FPC*, 259 F.2d 921, 925 (D.C. Cir. 1958), and *A Quaker Action Group v. Hickel*, 421 F.2d 1111, 1116 (D.C. Cir. 1969).

Consideration of these factors in this case firmly establishes plaintiff's right to injunctive relief.

### I. Plaintiff is Likely to Prevail on the Merits

The plaintiff's likelihood of prevailing on the merits is extremely high. In assessing plaintiff's likelihood of success, we must first consider that plaintiff has established a prima facie case of age discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Under *McDonnell Douglas* a plaintiff claiming age discrimination can make out a prima facia by showing that:

> 1) he or she was over 40 years of age;
>
> 2) was performing his or her job at a level that met his or her employer's legitimate expectations;
>
> 3) was subject to an adverse employment action; e.g., a demotion;

and

> 4) that the adverse employment action gave rise to an inference of unlawful discrimination, for instance, benefiting a significantly younger person. See, *e.g., Grabosky v. Tammac Corp.*, 127 F. Supp. 2d 610, 619 (M.D. Pa. 2000).

The burden is then shifted to the defendant to prove its affirmative defense that they would have taken the same action absent their bias based on age. *See Price Waterhouse v. Hopkins*, 490 U.S. 228 at 242 (1989).

2

In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), the Supreme Court set out a burden-shifting approach to employment discrimination claims in cases where the plaintiff lacks direct evidence of discrimination. To proceed under *McDonnell Douglas*, the plaintiff "must carry the ***initial burden*** under the statute of establishing a prima facie case of . . . . discrimination." *Id.* at 802. (emphasis added). If the plaintiff meets this burden, "the burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason" for its action. *Id.*

The *McDonnell Douglas* framework applies to both Title VII and age discrimination claims. *Carter v. George Washington Univ.*, 363 U.S. App. D.C. 287, 387 F.3d 872, 878 (D.C. Cir. 2004).

The Supreme Court has made clear that "the burden of establishing a prima facie case of disparate treatment is not onerous," *Teas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981) and that "the precise requirements of a prima facie case can vary depending on the context and were 'never intended to be rigid, mechanized, or ritualistic,'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577, 98 S. Ct. 2943, 57 L. Ed. 2d 957 (1978)).

The plaintiff in this case can easily make out his prima facie case. However, the defendant cannot. The defendant has given written notice to plaintiff that he was being terminated "without cause." See plaintiff's exhibit 1. In a face-to-face meeting between plaintiff and his supervisor (Ralph Neas) Mr. Neas stated that "things were not working out." See paragraph 49 of the verified complaint.

3

Plaintiff has demonstrated in his verified complaint that things were not working out because his supervisor failed to meet obligations that he promised to meet when bringing plaintiff on board. Plaintiff not only can show that defendant did not have a good reason for terminating him, he can show that his supervisor was the one who must shoulder the blame for the relationship "not working out."

When faced with a prima facie case an employer cannot give as a justification for the termination the fact that plaintiff could not accomplish X, when the employer failed to give the employee Y. For example if a salesman is fired for not calling customers on the telephone, if the salesman can prove that he was never provided a telephone to make these calls, that the excuse is necessarily subterfuge.

The facts are even stronger in this case. When the termination letter was drafted it expressly provides that the termination was "without cause." Now once a prima facie case is shown, any "cause" is suspect since it was not given at the time of termination, and is a post hoc justification.

For these reasons, plaintiff has a very strong case that he is likely to prevail on the merits.

## II. Plaintiff Will Suffer Irreparable Injury in the Absence of the Requested Injunctive Relief

It is uncommon for a court to reinstate a successful plaintiff in an employment discrimination case to his or her former position if that position has been filled by another person during the time it takes to resolve the merits of the case. See *e.g. Fire Fighters (IAFF) Local 1784 v. Stots,* 467 U.S. 561, 579 n. 11 (1984). In light of this situation, the

probable outcome of this case, if plaintiff is ultimately successful, is most likely the award of monetary damages for any lost wages or benefits due him. Most likely, plaintiff will not be reinstated. Thus, he will suffer irreparable harm because his career at People for the American Way will have been irreparably harmed.

Plaintiff asserts that a premature end to a career that, to plaintiff, represented job security and opportunity for promotion, cannot be measured in monetary damages regardless of any ultimate recovery on plaintiff's part. The only means to prevent this harm at this time is through a temporary restraining order that will, for the time being, prevent the termination of plaintiff's employment and benefits.

In addition, plaintiff will suffer irreparable injury after that date because: He will suffer injury to his reputation because he will have to state in any application for employment that he was fired by People for the American Way; and he will suffer irreparable injury concerning harm to his reputation from fellow employees, from contacts he has made with contributors to People for the American way and others.

Plaintiff has demonstrated substantial irreparable harm if a temporary restraining order is not granted.

### III. Injunctive Relief Will Not Significantly Harm Defendant

The plaintiff has been working for the defendant for more than one year. Continuing that status for ten days until a hearing on the preliminary injunction takes place will not harm defendant significantly.

The plaintiff can continue working to raise money for the defendant as he has done by following up on leads that he has generated. A failure to follow up on these

leads can cause more harm to defendant. If necessary, plaintiff can do this work from his home since much of his work has been conducted via telephone.

### IV. The Public Interest Favors the Requested Relief

The final criterion for the issuance of a preliminary injunction is clearly satisfied in this case. There is the greatest public interest in protecting the civil rights of each citizen of this nation. As a result, this Court, after considering the potential hardship to plaintiff, as well as the public's vital interest in upholding civil rights, should find that the equities in this case balance in favor of plaintiff.

Respectfully submitted,

JOEL D. JOSEPH
Law Offices of Joel D. Joseph
7272 Wisconsin Avenue, Suite 300
Bethesda, Maryland 20814
(301) 941-1989
Counsel for Plaintiff

FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUN - 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANDREW MAGUIRE )
6508 Pyle Road )
Bethesda, Maryland 20814 )
 )
      Plaintiff )
 )
v. ) Civil Action No.  **06 1048**
 )
PEOPLE FOR THE AMERICAN WAY )
2000 M Street, N.W. #400 )
Washington, DC 20036 )
Serve: Dominic Ucci )
 )
      Defendant )

## RULE 65.1(A) CERTIFICATE OF COUNSEL

I certify that I have sent a copy of the motion for a temporary restraining order, the complaint, a statement of points and authorities in support of the motion for a temporary restraining order, Exhibit 1 and the proposed order to Richard Weinstein, counsel for defendant by telefax on June 6, 2006 at approximately 1:30 p.m. Mr. Weinstein confirmed by telephone that he had received these documents on June 6, 2006..

_____
JOEL D. JOSEPH