**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW MAGUIRE,<br>6508 Pyle Road<br>Bethesda, MD 20814<br><br>      Plaintiff,<br><br>      v.<br><br>PEOPLE FOR THE AMERICAN WAY<br>2000 M Street, NW #400<br>Washington, DC 20036<br><br>      Defendant. | Civil Action No. 06-01048 (EGS) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER**

Defendant, People For the American Way ("PFAW"), by its undersigned counsel and pursuant to Rule 65.1 of the Local Rules for the United States District Court for the District of Columbia and this Court's Minute Order of June 7, 2006, hereby submits its response to Plaintiff Andrew Maguire's Motion for Temporary Restraining Order.

**I.    INTRODUCTION**

The hallmark of a court's granting extraordinary preliminary injunctive relief is that the circumstances presented to it are truly extraordinary and thus require extreme and immediate judicial intervention. This case is not extraordinary in any way. Rather, as Plaintiff alleges it, this case is a garden variety employment discrimination and breach of contract case (which PFAW vigorously denies) that should be handled through the usual course. Plaintiff, however, is requesting that this Court short-circuit the normal process for adjudication of employment claims and instead grant him virtually full relief before the case even begins. There is no irreparable

harm justifying this request, nor can Plaintiff establish the likelihood of ultimate success on the merits that is the necessary predicate for such relief.

## II.  BACKGROUND

Plaintiff, a former employee of PFAW, was notified of his termination on May 25, 2006 (*see* Plaintiff's Verified Complaint at ¶49; Plaintiff's Exhibit 1 attached to Plaintiff's Motion for Temporary Restraining Order (hereinafter "Pltf's Mot."). At that time, he was told that, effective immediately, his services were no longer "necessary or desired" and that he was to return all property of PFAW within one hour. *Id.* He is being maintained on the payroll until June 9, 2006 simply to provide him with an appropriate period of transitional final compensation.

Yesterday, Plaintiff filed a verified complaint in this Court alleging that he was discharged due to his age in violation of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code Ann. §2-1401.01 *et seq.* He appended a breach of contract/promissory estoppel claim. He has also requested a temporary restraining order mandating that his termination be stayed and, apparently, that he continue to remain on PFAW's payroll and collect his regular salary for the pendency of this litigation.

## III.  ARGUMENT

A preliminary injunction is "one of the most drastic tools in the arsenal of judicial remedies" and ought not be "granted as a routine matter." *Ahmad v. Long Island Univ.,* 18 F. Supp.2d 245, 247 (E.D.N.Y. 1998). In considering a request for a temporary restraining order,[1] this Court balances: (1) the threat of irreparable injury to the plaintiff in the absence of an injunction; (2) the likelihood of the plaintiff's success on the merits; (3) the possibility of

---

[1]   The standards which govern consideration of an application for a temporary restraining order are the same as those which govern a preliminary injunction. *Ahmad v. Long Island Univ.,* 18 F. Supp.2d 245, 247 (E.D.N.Y. 1998).

substantial harm to other interested parties from a grant of injunctive relief; and (4) the interests of the public. *Jordan v. Evans,* 355 F. Supp.2d 72, 77 (D.D.C. 2004). Plaintiff cannot establish any of these elements and his request must be denied.

### A. Plaintiff Cannot Establish Irreparable Injury

The "basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Sampson v. Murray*, 415 U.S. 61, 88 (1974) (citations omitted). The showing of irreparable harm is the "single most important requirement" in assessing a request for preliminary injunctive relief. *Ahmad,* 18 F. Supp.2d at 247. A moving party must show that the injury it will suffer is likely and imminent, not remote or speculative, and that such injury is not capable of being fully remedied by money damages. *Id.*

In his Motion and supporting memorandum, Plaintiff alleges four items which he claims are items of irreparable injury justifying his request that he be maintained on PFAW's payroll throughout the pendency of the litigation:

(1) he claims his health insurance benefits will cease on June 9, 2006; *see* Motion at 1;

(2) he claims he will suffer injury to his reputation because he will have to state that he was discharged in future employment applications; *see* Motion at 1;

(3) he claims his reputation with fellow employees and contributors to PFAW will be harmed; *see* Motion at 1; and

(4) he claims that subsequent monetary damages are insufficient to rectify his alleged harm. *See* Memorandum of Points and Authorities in Support of Motion at 5.[2]

Plaintiff's assertions are without merit.

---

[2] In his Motion proper, Plaintiff alleges the first three items as examples of irreparable harm. In his supporting memorandum, Plaintiff does not address the first item, but does discuss the second, third and fourth. PFAW responds to all four items.

3

First, as Plaintiff well knows, his health insurance benefits will continue through June 2006 and, thereafter, he is eligible to elect COBRA. This is confirmed in Plaintiff's Exhibit 1 attached to Plaintiff's Motion (*see* page 1 "People For will pay the individual coverage portion of your health insurance premium for the month of June 2006" and page 2 "you will be entitled to elect continued health insurance coverage under COBRA"). This assertion of irreparable harm is factually wrong.

Second, it is common and, indeed, almost universal for a terminated employee to be in the position of advising a potential future employer that he or she was discharged. The litigation process is the method for addressing such claims -- as alleged harm to reputation is a component of damages. Plaintiff's alleged "harm" in this regard is a standard staple alleged in discrimination cases. It is the type of harm for which successful plaintiffs regularly recover damages. There is nothing extraordinary or irreparable here. Moreover, "the loss of a potential job offer" is not irreparable harm and "economic and reputational injuries are generally not irreparable." *Zirkle v. District of Columbia*, 830 A.2d 1250, 1256-57 (D.C. 2003). Indeed, "[w]ith respect to the plaintiff's employment opportunities and professional reputation. . . the plaintiff must quite literally find [himself] being forced into the streets or facing the spectre of bankruptcy before a court can enter a finding of irreparable harm." *Ahmad,* 18 F. Supp.2d at 248-49. There is nothing that even remotely suggests this is the case here.

Additionally, Plaintiff alleges that he was terminated "on May 26, 2006." *See* Complaint at ¶ 49. This was nearly two weeks ago. By his own *verified* allegations, Plaintiff has attested that he has *already* been discharged. Thus, his discharge is a historical fact. While the Court has the power -- in appropriate cases -- to ultimately order reinstatement, the fact remains that

4

Plaintiff has *already been discharged*.  The requested TRO will not do anything to eliminate the alleged "harm" that Plaintiff identifies because a TRO cannot undo a historical fact.

Third, Plaintiff's alleged reputational concerns are not the type of alleged harm that justify extraordinary injunctive relief.  As with item two, these are alleged garden variety harms that many discharged employees assert.  They are alleged harms that successful employee plaintiffs recover damages for at the conclusion of litigation.  Again, there is nothing extraordinary or irreparable here.  "[C]laims of loss income or reputation fall 'far short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction.'"  *Adair v. England*, 417 F. Supp.2d 1, 9 (D.D.C. Feb. 28, 2006) (*citing Sampson,* 415 U.S. at 90); *Hartzog v. Reebok Intn'l Ltd.,* 77 F. Supp. 2d 475, 477 (S.D.N.Y. 1999) (finding that plaintiff had failed to establish irreparable injury and denying plaintiff's request for reinstatement *pendente lite*, noting that "[i]f he prevails in this action, he may receive back pay, compensatory and punitive damages, and reinstatement to his old job").[3]

Fourth, Plaintiff asserts that reinstatement is rarely granted in cases such as his.  *See* Memorandum at 4.  Paradoxically, he argues that this Court should therefore order reinstatement now.  As the Court is well aware, reinstatement is a remedy that is expressly available when a plaintiff prevails on his claim.  *See* D.C. Code Ann. §§ 2-1403.13(a)(1)(A); 2-1403.16(b).  Particularly in the private sector, there is no basis whatsoever for subverting this process and granting Plaintiff reinstatement the day after the case is filed.  Moreover, even if reinstatement is not ultimately the preferable remedy, "[t]he possibility that adequate compensatory or other

---

[3]   As explained below, Plaintiff's employment was terminated because PFAW was dissatisfied with his performance.  Initially, PFAW offered Plaintiff a severance package and a graceful exit that would have allowed Plaintiff to articulate in a more positive light the reasons for his departure from PFAW.  Plaintiff rejected that offer.  Unfortunately, his subsequent actions mean that the circumstances of his discharge now must be aired publicly in this forum.

DC1 30167857.1

corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Zirkle,* 830 A.2d at 1257.

In sum, the alleged irreparable harms of which Plaintiff complains are not extraordinary or unique. They are the garden variety types of alleged harm for which the law provides adequate remedies to successful plaintiffs. In such a case, short-circuiting the adjudicatory process and granting injunctive relief at this time is wholly inappropriate.

### B.   Plaintiff Cannot Establish That He Is Likely to Succeed on The Merits

Although the Court need not even reach this issue, Plaintiff has also failed to fulfill his burden of actually demonstrating (as opposed to asserting) that he is likely to prevail on the merits of his claim. Even with respect to establishing a *prima facie* case, and putting aside factual disputes as to whether Plaintiff was in fact satisfactorily performing his job, Plaintiff's memorandum fails even to seek to prove the fourth and necessary element of such a case: that he was replaced by an individual of comparable or lesser qualifications.[4] This alone rebuts plaintiff's claim.

Proving the likelihood of success for purposes of preliminary relief, of course, requires much more than demonstrating a possible *prima facie* case, which Plaintiff himself has argued is not onerous. *See, e.g., Jordan*, 355 F. Supp.2d at 78, 80 (demonstrating likelihood of success requires not only likelihood of establishing *prima facie* case, but also requires likelihood of overcoming defendant's legitimate reasons). Yet Plaintiff has adduced no additional evidence beyond his *prima facie* case claim. Other than his legal assertions, there is not a single allegation in the complaint or elsewhere that age was a factor in any action taken by PFAW towards

---

[4]     *See, e.g., McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The closest Plaintiff comes to meeting this burden is the bare assertion in paragraph 51 of his Complaint that he "understands," based on "information and belief," that PFAW is hiring several individuals "to perform in part" the work done by Plaintiff.

6

Plaintiff. Instead, Plaintiff's memorandum claims that because Plaintiff as an employee-at-will was terminated "without cause," PFAW is somehow precluded from even attempting to rebut a *prima facie* case by articulating a legitimate, non-discriminatory reason for his termination.[5] This assertion is absurd and has absolutely no legal basis; if true, it would mean that any at-will employee dismissed "without cause" would win any discrimination case virtually automatically, with his employer precluded from articulating a non-discriminatory reason for discharge. Plaintiff has simply failed to meet his burden to demonstrate a likelihood of success on the merits.

Indeed, Plaintiff's Complaint provides evidence rebutting any inference of age discrimination. According to his own allegations, Plaintiff's supervisor, Ralph Neas, hired him in August of last year, after Plaintiff had served as a consultant for three months. *See* Complaint, ¶¶ 26-28. At that time, Plaintiff was 66 years old. *See id.* at ¶ 19. Plaintiff claims that Mr. Neas terminated him less than one year later. *See* Plaintiff's Exhibit 1 and Complaint, ¶ 49. It is well established that when the person who hires a plaintiff is the same person to discharge him, there is a strong presumption of non-discrimination. *Foreman v. Board of Community College Trustees for Baltimore County,* 956 F. Supp. 574, 579 (D. Md. 1996). "[E]mployers who knowingly hire workers within a protected group seldom will be credible targets for charges of pretextual firing." *Proud v. Stone*, 945 F.2d 796, 798 (4th Cir. 1991). It strains credulity to suggest that PFAW hired Plaintiff in August 2005 at age 66 -- and thus did not, at that time, consider his age to be a relevant factor -- only to develop a desire to discriminate against him

---

[5] Although not necessary for this Court to rule against this motion, PFAW is fully prepared to demonstrate factually that Plaintiff was discharged for failure to adequately perform his job, as was directly communicated to him. Under PFAW's personnel practices as stated in its personnel manual, terminations "for cause" are generally reserved for situations in which employees have committed specific acts such as violations of business ethics and harassment.

7

because of his age nine months later when it terminated his employment. Plaintiff has failed to establish a likelihood of success on the merits.

### C.     PFAW Would Be Detrimentally Harmed Were the Court to Grant the Relief

Although not necessary for the Court's ruling on this motion, PFAW is also prepared to demonstrate the obvious hardship to it of being forced to retain an employee discharged under the circumstances in this case.

### D.     The Public Interest Is Served By Denying the Requested Relief

As the cases cited *supra* show, it is the rare case indeed when a court grants a preliminary injunction forcing an employer to rehire a discharged litigant during the pendency of litigation. Plaintiff's claims and allegations of harm are not atypical. To grant his request would fundamentally alter the manner in which employment claims are litigated and resolved and force employers to rehire and pay legitimately-terminated employees for extended periods. Such a result cannot be in the public interest.

## IV. CONCLUSION

For the foregoing reasons, PFAW respectfully requests that Plaintiff's request for a temporary restraining order be denied.

    Respectfully submitted,

    PEOPLE FOR THE AMERICAN WAY

    By: _____/s/_____
        Russell H. Gore, Esq. # 449231
        SEYFARTH SHAW LLP
        815 Connecticut Avenue, N.W.
        Suite 500
        Washington, DC 20006-4004
        (202) 463-2400
        (202) 828-5393 (facsimile)

Dated: June 8, 2006        Counsel for Defendants