UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW MAGUIRE<br>6508 Pyle Road<br>Bethesda, Maryland 20814<br><br>　　　　　Plaintiff<br><br>　　　　　v.<br><br>PEOPLE FOR THE AMERICAN WAY<br>2000 M Street, N.W. #400<br>Washington, DC 20036<br><br>　　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S REPLY TO THE OPPOSITION TO THE MOTION FOR A
TEMPORARY RESTRAINING ORDER**

Contrary to defendant's assertion that this is a garden-variety discrimination case, plaintiff asserts that it is anything but a typical case. People for the American Way is an institution dedicated to protecting the civil rights of employees and others. It holds itself out as the protector of civil rights, when in this case, it has shown that it has failed to make any significant effort to comport to its in-house handbook for treating employees fairly.

It is significant to note that defendant fails to oppose plaintiff's contention that People for the American Way failed to evaluate plaintiff in writing at either the three-month, six-month or one-year periods as required by the PFAW Manual. Because of this failure to address plaintiff's second cause of action, Plaintiff's breach of contract claim has been admitted. Thus, at this stage of the proceedings, plaintiff has a very strong likelihood of prevailing on the merits.

1

Concerning the age discrimination claim, plaintiff has verified that younger employees have complained about him, and, in addition, that two younger women will be replacing the functions performed by plaintiff. See paragraphs 45, 50, 51. Defendant has failed to submit any affidavits countering plaintiff's verified allegations, and thus is admitting that plaintiff's factual allegations are accurate.

Defendant cites *Sampson v. Murray*, 415 U.S. 61 (1974) as authority for lack of irreparable injury in this case. Yet in the *Sampson* case itself, the Supreme Court notes that an employee discharge can constitute irreparable injury, citing *Reeber v. Russell* (1950). 415 U.S. 61, 85. In addition, this case is substantially different from the *Murray* case. In *Murray*, the employee was terminated during a probationary period, while plaintiff in this case was employed for more than one year. The employer in *Murray* was a federal agency, not a private employer. Most importantly, and noted by the Supreme Court, the plaintiff in *Murray* did not file a verified complaint. 415 U.S. at 89. In stark contrast, plaintiff in this case filed a verified complaint. In response to plaintiff's motion for a temporary restraining order and verified complaint, the defendant has not submitted a single affidavit, and relies solely on legal arguments. Faced with verified allegations of a complete failure to comply with procedural rights, and with a pending discharge for no cause, the defendant is consenting to plaintiff's version of the facts.

Further, while defendant purports to address by pro-forma analysis apart from the facts, to address plaintiff's age discrimination cause of action, it utterly fails to rebut plaintiff's claims of breach of contract.

In addition to considering the four factors cited by both plaintiff and defendant concerning issuance of injunctive relief, it is important to balance the harm to the parties.

2

What is the harm to PFAW if plaintiff remains employed by PFAW for ten days? The harm to PFAW is clearly minimal. Andrew Maguire has been working for PFAW for more than one year, and defendant has failed to even allege any problems with his performance.

In contrast, Mr. Maguire will be unemployed, making it harder for him to procure another job. This court should recognize that any gap in employment can cause concern to a prospective employer and constitutes irreparable injury. *See Reeber v. Russell*, *supra*.

In summary, defendant has failed to show that it will be significantly harmed during a ten-day period. Issuance of a temporary restraining order will allow all parties to submit additional factual and legal information, while preserving the status quo. For all of these reasons, the motion for a temporary restraining order should be granted.

                                                Respectfully submitted,

                                                /s/

                                            _____
                                            JOEL D. JOSEPH
                                            7272 Wisconsin Avenue, Suite 300
                                            Bethesda, MD 20814
                                            Attorney for Plaintiff