```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
ANDREW MAGUIRE                )
                              )
                              )
             Plaintiff,       )
                              )
                              )     Civ. No. 06-1048 (EGS)
        v.                    )
                              )
PEOPLE FOR THE AMERICAN WAY,  )
             Defendant.       )
_____)
```

**ORDER**

Plaintiff Andrew Maguire has moved for entry of a temporary restraining order to enjoin defendant People for the American Way ("PFAW") from terminating his employment. Plaintiff has been notified by PFAW that he will be taken off defendant's payroll as of June 9, 2006. Upon careful consideration of plaintiff's Motion for a Temporary Restraining Order, the response and reply thereto, the Court finds that because plaintiff has failed to demonstrate irreparable injury, his motion for extraordinary preliminary injunctive relief is **DENIED**.

Plaintiff was hired by PFAW in 2005 as the Vice President for Institutional Development. Compl. ¶¶ 26, 28, 32. On May 25, 2006, plaintiff was notified of his termination. *Id*. at 49. At that time, plaintiff was informed that, effective immediately, his services were no longer "necessary or desired" and that he

1

was to return all property of PFAW within one hour. Ex. 1, Pl's Mot. for Temp. Restraining Order.  Further, plaintiff was told that he is being maintained on the payroll until June 9, 2006, and that his health insurance benefits will continue through June 2006, and, thereafter, he is eligible to elect coverage under COBRA. *Id*.

A temporary restraining order is "an extraordinary form of relief." *See Johnson v. Holway*, 329 F. Supp. 2d 12, 15 (D.D.C. 2004).  Accordingly, courts have required "a clear and convincing showing by the moving party," *id*., of four factors: (1) a substantial likelihood of success on the merits; (2) that it would suffer irreparable injury if the injunction is not granted; (3) that an injunction would not substantially injure other interested parties; and (4) that the public interest would be furthered by the injunction. *Guam Indus. Serv., Inc. v. Rumsfeld*, 383 F. Supp. 2d 112, 115 (D.D.C. 2005) (quoting *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998)). *See also Wash. Metro. Area Transit. Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841,843 (D.C. Cir. 1977).  These factors should be balanced and examined in a "sliding scale," *Guam Indus. Serv.* at 116, but a plaintiff must establish irreparable harm and a likelihood of success on the merits, *District 50, United Mine Workers of Am. v. Int'l Union, United Mine Workers of Am.*, 412 F.2d 165, 167 (D.C. Cir. 1969).

Irreparable harm to the moving party is the basis of injunctive relief in the federal courts. *See CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995). "The key word in this consideration is *irreparable.* Mere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim or irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Accordingly, a plaintiff's failure to meet its burden of establishing irreparable harm is sufficient, in itself, to deny emergency relief. *CityFed Fin. Corp*. at 747.

Plaintiff argues that, in the absence of the requested injunctive relief, his reputation would be irreparably harmed because he will have to state in future applications for employment that he was fired by PFAW. Further, he asserts that his career at PFAW would be irreparably harmed because a "premature end to a career that . . . represented job security and opportunity cannot be measured in monetary damages." Pl.'s Mot. for Temp. Restraining Order, p. 5.

The Court rejects plaintiff's assertion that his articulated harms are irreparable. The Court finds that economic and reputation-type injury, without more, are insufficient to justify

the type of extraordinary relief requested here. See *Adair v. England*, 417 F. Supp. 2d 1, 9 (D.D.C. 2006) ("[C]laims of loss income or reputation fall far short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction."). After all, other adequate compensatory or corrective relief is available at a later date for the alleged harms.  Accordingly, for the foregoing reasons, plaintiff's motion is **DENIED.**


**Signed:**   **Emmet G. Sullivan**
**United States District Judge**
**June 8, 2006**