IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |  |
|---|---|---|
| ANDREW MAGUIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-01048 (EGS) |
| | ) | |
| PEOPLE FOR THE AMERICAN WAY | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ANSWER

Defendant People For the American Way ("PFAW" or "Defendant"), through its undersigned counsel, hereby answers Plaintiff Andrew Maguire's ("Plaintiff") Verified Complaint (hereinafter "Complaint"). Defendant denies that Plaintiff has any claim against Defendant and denies that Plaintiff sustained any damages on account of any alleged action or alleged omission of Defendant.

### I.

### Nature of the Case

1. Answering the first sentence of paragraph 1 of the Complaint, Defendant admits that Plaintiff alleges that this case is one alleging age discrimination, but denies that Plaintiff was discriminated against and denies that his case has merit. Answering the second sentence of paragraph 1, Defendant admits that Plaintiff purports to seek damages, but denies that Plaintiff has suffered injury and denies that Plaintiff is entitled to damages.

## II.

## Jurisdiction and Venue

2. Answering paragraph 2 of the Complaint, Defendant admits that Plaintiff purports to invoke diversity jurisdiction, but denies that such jurisdiction is properly invoked.

3. Defendant denies paragraph 3 of the Complaint.

4. Answering the first clause of paragraph 4 of the Complaint, Defendant states that it is a legal conclusion to which no response is required.  Answering the remainder of paragraph 4 of the Complaint, Defendant admits that its principal place of business is in this jurisdiction.

## III.

## Parties

5. Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations of paragraph 5 of the Complaint.

6. Defendant admits the allegations of paragraph 6 of the Complaint.

## IV.

## Factual Allegations

7. Answering paragraph 7 of the Complaint, Defendant admits that paragraph 7 reflects an excerpt describing part of Defendant's purpose.

8. Answering paragraph 8 of the Complaint, Defendant admits that paragraph 8 reflects an excerpt describing part of Defendant's purpose.

9. Answering paragraph 9 of the Complaint, Defendant admits that paragraph 9 reflects an excerpt describing part of Defendant's purpose.

10. Answering paragraph 10 of the Complaint, Defendant admits that paragraph 10 reflects an excerpt describing part of Defendant's purpose.

11. Answering paragraph 11 of the Complaint, Defendant admits that it stands for civil rights and equal rights.  Defendant denies the remaining allegations in paragraph 11.

12. Defendant denies the allegations of paragraph 12 of the Complaint.

13. Answering paragraph 13 of the Complaint, Defendant admits that paragraph 13 reflects an excerpt taken from a part of Defendant's personnel manual.

14. Answering paragraph 14 of the Complaint, Defendant admits that paragraph 14 reflects an excerpt taken from a part of Defendant's personnel manual.

15. Answering paragraph 15 of the Complaint, Defendant admits that paragraph 15 reflects an excerpt taken from a part of Defendant's personnel manual.

16. Answering paragraph 16 of the Complaint, Defendant admits that paragraph 16 generally reflects an excerpt taken from a part of Defendant's personnel manual.

17. Answering the first sentence of paragraph 17 of the Complaint, Defendant denies the allegations as stated.  Defendant avers that evaluations of employee performance can be verbal.  Answering the second sentence of paragraph 17 of the Complaint, Defendant admits that that sentence reflects an excerpt taken from a part of Defendant's personnel manual.

18. Answering paragraph 18 of the Complaint, Defendant denies the allegations as stated.  Defendant avers that, at the time it hired him, it believed he possessed the qualifications to function well in the position.

19. Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations of paragraph 19 of the Complaint.

3

20. Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations of paragraph 20 of the Complaint.

21. Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations of paragraph 21 of the Complaint.

22. Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations of paragraph 22 of the Complaint.

23. Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations of paragraph 23 of the Complaint.

24. Answering the first and fourth sentences of paragraph 24 of the Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations contained in those sentences. Defendant admits the remaining allegations of paragraph 24 of the Complaint.

25. Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint as stated. Defendant avers that Plaintiff entered into a three month consulting agreement with Defendant and People For the American Way Foundation on or about May 1, 2005.

27. Defendant admits the allegations of paragraph 27 of the Complaint, except Defendant avers that additional individuals at PFAW had some supervisory responsibility over Plaintiff.

28. Answering paragraph 28 of the Complaint, Defendant admits (1) that plaintiff was hired into the position of Vice President for Institutional Development (2) after working for three months as a consultant, (3) that that position was expected to be a full time position,

4

and (4) that among the duties expected of that position were managing the Development Team, working on fundraising strategy, and working to integrate development planning and execution. Except as expressly admitted, the remaining allegations in paragraph 28 are too vague to permit a response and, on that basis, are denied.

29. Answering paragraph 29 of the Complaint, Defendant admits (1) that Plaintiff negotiated the Plus Three contract, (2) that he *assisted* in managing that contract and (3) that he joined the strategic planning team. The phrase "and still underway" is unclear and, on that basis, Defendant denies that allegation. Except as expressly admitted, Defendant denies the allegations of paragraph 29 of the Complaint.

30. Answering paragraph 30 of the Complaint, Defendant denies the allegations as stated. Defendant avers that Mr. Neas was initially looking forward to Plaintiff's joining the organization, that Mr. Neas expected that Plaintiff would use his experience and skills to achieve his goals, and that he understood that Plaintiff would have appropriate support and cooperation.

31. Defendant denies the allegations of paragraph 31 of the Complaint as stated. Defendant avers that a Board Development Committee was in existence prior to Plaintiff's beginning employment.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

33. Defendant denies the allegations of paragraph 33 of the Complaint.

34. The allegations of paragraph 34 of the Complaint are vague, undefined and unclear as to time and, on that basis, Defendant denies those allegations as stated.

35. Answering paragraph 35 of the Complaint, Defendant admits that Dominic Ucci is the Executive Vice President and CFO of Defendant. The remaining allegations of

paragraph 35 of the Complaint are vague, undefined, and unclear as to time and, on that basis, Defendant denies those allegations as stated.  Defendant avers that Mr. Ucci did attend a fundraising event with some of the New York Board members in 2005 as the representative of Defendant's President.

36. Answering paragraph 36 of the Complaint, Defendant admits that as of the date identified, a New York director had not been hired.  Except as expressly admitted, Defendant denies the allegations of paragraph 36.

37. Defendant admits the allegations of paragraph 37.

38. Defendant states that paragraph 38 of the Complaint is grammatically unintelligible, vague and undefined and therefore incapable of response.  To the extent Defendant understands the allegations of paragraph 38, they are denied.

39. Answering paragraph 39 of the Complaint, Defendant denies the allegation regarding the alleged "chaos" of its management practices.  Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the remaining allegations of paragraph 39.

40. Defendant states that paragraph 40 of the Complaint is grammatically unintelligible, vague and undefined and therefore incapable of a response.  To the extent Defendant understands the allegations of paragraph 40, they are denied.  Defendant avers that Plaintiff was expected to develop new major donors and that Mr. Neas was to remain responsible for interacting with certain existing major donors with whom he had established relationships.

41.  Answering paragraph 41 of the Complaint, Defendant denies all allegations of paragraph 41, except Defendant admits that Plaintiff did not "deploy . . . skills in donor contacts and

asks." Defendant avers that it attempted to work with and counseled Plaintiff regarding ways in which he could deploy what it understood to be his skills in this regard.

42. Answering paragraph 42 of the Complaint, Defendant admits that it hires outside fundraising consultants. Except as expressly admitted, Defendant denies the allegations of paragraph 42.

43. Answering paragraph 43 of the Complaint, Defendant admits (1) that it has an ambitious plan for 2006 membership recruitment and expansion of its small donor fundraising base and (2) that, on occasion, delays have occurred due to cash flow issues. Except as expressly admitted, Defendant denies the allegations of paragraph 43.

44. Answering the first clause of paragraph 44 of the Complaint, Defendant denies the allegations as stated. Defendant admits that it concluded that the skills possessed by the individual Plaintiff had identified for the fundraising position were not best suited for that position, but that it hired that individual for another position. Defendant admits the allegations of the second clause of paragraph 44, with the exception of the word "indefinite."

45. Answering paragraph 45 of the Complaint, Defendant admits only (1) that Kristen Smith was promoted into the position of Director of Development Operations, (2) that Plaintiff supported that promotion and (3) that Ms. Smith, and others, complained about Plaintiff's inappropriate management style and treatment of them. Defendant is without sufficient knowledge or information to form a belief as to the truth of, and thus denies, (1) the allegation that Plaintiff appreciated Ms. Smith's data management expertise and her knowledge of PFAW operations and (2) the allegation regarding Plaintiff's career long reputation. Defendant denies all of the remaining allegations of paragraph 45.

46. Answering the first sentence of paragraph 46 of the Complaint, Defendant admits (1) that most significant or substantial programs or plans to raise funds are approved by Mr. Neas or Mr. Ucci and (2) that Mr. Neas and/or Mr. Ucci had mandated ambitious revenue goals with a large portion of responsibility placed on the development team. Defendant denies the remaining allegations of the first sentence of paragraph 46, and denies the allegations of the remaining sentences of paragraph 46.

47. Defendant denies the allegations of paragraph 47 of the Complaint.

48. Defendant denies the allegations of paragraph 48 of the Complaint as stated.

49. Defendant denies that paragraph 49 contains a complete portrayal of the circumstances and communications regarding Plaintiff's departure from Defendant. Defendant avers that the statements quoted were among those made to Plaintiff. Defendant further avers that Plaintiff was terminated under the "without cause" provision of the Employee manual, section IV-2(C)(3), meaning that he could be terminated "for any reason" or no reason and that he would receive two weeks' advance notice of his termination, rather than his being terminated for one of the enumerated reasons in section IV-2(C)(2) of the manual, for acts such as fraud, embezzlement, etc.

50. Defendant denies the allegations of paragraph 50 of the Complaint as stated.

51. Answering paragraph 51 of the Complaint, Defendant denies the allegations as stated. Defendant avers that Ms. Bonner was hired as a consultant prior to the time Plaintiff was hired and further avers that neither individual is replacing Plaintiff.

## V.
### First Cause of Action: Violations of the District of Columbia Human Rights Law

52. Defendant refers to and incorporates its responses to paragraphs 1-51.

53. Defendant denies the allegations of paragraph 53 of the Complaint.

54. Defendant denies the allegations of paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint purports to state a legal conclusion to which no response is required. Defendant denies that Plaintiff has correctly cited the current statutory provision of the DCHRA and denies that it violated that or any other law.

## VII[1].

### Second Cause of Action: Breach of Contract/Promissory Estoppel

56. Defendant refers to and incorporates its responses to paragraphs 1-55.

57. Defendant denies the allegations of paragraph 57 of the Complaint.

58. Defendant denies the allegations of paragraph 58 of the Complaint.

59. Defendant denies the allegations of paragraph 59 of the Complaint.

60. Defendant denies the allegations of paragraph 60 of the Complaint.

61. Defendant denies the allegations of paragraph 61 of the Complaint.

62. Defendant denies the allegations of paragraph 62 of the Complaint.

## IX.[2].

### Request for Relief

63. Defendant denies that Plaintiff is entitled to the relief requested in subparagraph A of the Request for Relief.

64. Defendant denies that Plaintiff is entitled to the relief requested in subparagraph B of the Request for Relief.

---

[1]  The Complaint contains a heading marked "V" and a heading marked "VII," but no heading marked "VI."

[2]  The Complaint contains a heading marked "VII" and a heading marked "IX," but no heading marked "VIII."

DC1 30168640.1

65. Defendant denies that Plaintiff is entitled to the relief requested in subparagraph C of the Request for Relief

66. Defendant denies that Plaintiff is entitled to the relief requested in subparagraph D of the Request for Relief

67. Defendant denies that Plaintiff is entitled to the relief requested in subparagraph E of the Request for Relief.

68. Defendant denies that Plaintiff is entitled to the relief requested in subparagraph F of the Request for Relief.

69. Any and all allegations in the Complaint not expressly admitted are hereby denied.

## AFFIRMATIVE DEFENSES

By pleading the following as Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish the alleged damages.

1.  The Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted.

2.  Plaintiff is not entitled to any damages sought as a matter of fact and/or law.

3.  Upon information and belief, Plaintiff's claims are barred, in whole and/or in part, by the doctrines of estoppel, unclean hands and/or waiver.

4.  Plaintiff's claims are barred, in whole and/or in part, by the statute of frauds.

5.  Plaintiff's claims for liquidated and/or punitive damages are barred because the alleged wrongful acts or omissions of Defendant – which Defendant denies -- do not evidence

malicious, reckless or fraudulent intent to deny Plaintiff his protected rights, and, even as alleged, are not otherwise so wanton or willful as to support an award of punitive damages.

6. Plaintiff is not entitled to liquidated or punitive damages because Defendant made good faith efforts to comply with all applicable discrimination laws.

7. Upon information and belief, all or a portion of Plaintiff's claims are barred for failure to mitigate damages.

8. Any actions that Defendant took toward Plaintiff were based on good cause and were taken in connection with a legitimate and non-discriminatory reasonable business purpose.

9. Upon information and belief, Plaintiff's own conduct, omissions and/or negligence bars his recovery, in whole or in part.

10. To the extent that it was obligated to do so, Defendant exercised reasonable care to prevent and promptly correct any discriminatory conduct, and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities or to avoid harm otherwise.

Defendant reserves the right to amend this Answer by adding additional affirmative defenses or counterclaims as further investigation, discovery and circumstances may warrant.

WHEREFORE, Defendant prays that:

1. Plaintiff's Complaint be dismissed with prejudice in its entirety and that judgment be entered in favor of Defendant;

2. Plaintiff takes nothing by his Complaint;

3. The Court deny Plaintiff his requested relief;

4. The Court award Defendant its costs and attorney's fees; and

5. The Court award Defendant such further relief as it deems just and proper.

.                                   Respectfully submitted,

                                    PEOPLE FOR THE AMERICAN WAY


                                    By:_____/s/_____
                                        Russell H. Gore, Esq. # 449231
                                        SEYFARTH SHAW LLP
                                        815 Connecticut Avenue, N.W.
                                        Suite 500
                                        Washington, DC  20006-4004
                                        (202) 463-2400
                                        (202) 828-5393 (facsimile)

Dated:  June 23, 2006                   Counsel for Defendant

DC1 30168640.1